CHEESEMAN, administrator, etc., v. WIGGINS, appellant.

*Partnership — surviving partner may be called to account for partnership matters by representatives of deceased partner.*

The surviving partner of a firm must account to the representatives of a deceased partner for the property of the firm as it was at the time of the deceased partner's death.

The representatives of the deceased partner are entitled to an accounting absolutely, and need not show that there would be something due to them from the firm on settlement. Their right to an account results from their interest in the effects of the firm, and the liability of the estate to contribute to the payment of the firm debts.

For the purpose of accounting, the heirs of the deceased partner are not necessary parties.

Defendant was copartner with plaintiff's intestate. Upon the death of his partner, he and such partner's son carried on the business of the firm, keeping the firm property, for a number of years, after which the son left. *Held*, that defendant had no authority to continue the business, even though it was for the interest of the firm to do so ; it was done wholly at his own risk; and that the intestate's representatives were entitled to an accounting and a closing up of the firm affairs, notwithstanding it appeared that, after such closing up, there would be nothing due the estate.

APPEAL from the decision of a referee, directing an accounting and the appointment of a receiver, in an action by the administrator of a deceased partner against the survivor. The facts appear in the opinion.

*Lewis & Gurney*, for appellant, cited, *Buchan* v. *Sumner*, 2 Barb. Ch. 165; *Smith* v. *Tarleton*, id. 336; *Peck* v. *Fisher*, 7 Cush. 386; *Norde* v. *Busher*, 3 Bosw. 537; *Dyer* v. *Clark*, 5 Metc. 562; *Goodyear* v. *Phœnix Rubber Co.*, 48 Barb. 522; *Trufaut* v. *Merrill*, 37 How. 531; Colyer on Part. 112, § 129, p. 1.

*George F. Lee*, for respondent, cited, *Fereday* v. *Wighterick*, 1 Tamlyn, 261; 3 Kent's Com. 64; Gow on Part. (3d ed.) 234; Story on Part. (3d ed.) 523 ; *Trufaut* v. *Merrill*, 37 How. 531.

MULLIN, P. J. The plaintiff, as surviving administrator of Charles N. Mead, deceased, brings this action to compel the defendant, as surviving partner of the firm of C. N. Mead & Co., to account,

and for the appointment of a receiver of the effects of said firm, and a sale thereof, and a distribution of the proceeds.

The defendant and the deceased entered into partnership in the spring of 1864, for the purpose of manufacturing and selling lumber at Tainter's Mills, in the State of Pennsylvania. The partnership acquired title to several hundred acres of timber land, and erected theron several saw mills, and manufactured and sold lumber until the death of Mead in October, 1865. At his death, the defendant and the son of the deceased entered into an arrangement by which the son was put into the place of the father in said firm, and they continued the business until the fall of 1867, when the arrangement terminated and the effects passed into the custody and control of the defendant. The plaintiff alleges in his complaint that the deceased partner advanced for the firm money, and it did a large and profitable business during its continuance, the amount of which he has not been able to ascertain accurately. That the defendant, since the death of said Mead, has continued the business, manufactured large quantities of lumber, and sold the same and realized therefor large sums of money, the amount of which he is unable to state. The defendant has not accounted with plaintiff concerning said business, nor has he paid over any of the moneys so received. And when applied to for a statement of the affairs of said partnership, defendant says he is unable to sell and dispose of the effects of said firm, and that there will be nothing for said plaintiff when the debts of the said copartnership are paid. The answer alleges that the firm was and is largely indebted to the defendant; that the property on hand at the death of Mead was injured in the sawing and was of but little value, and the whole assets were not enough to pay the debts of the firm, and there will be nothing for the plaintiff on closing up the business of the said firm.

The referee, to whom the issues were referred for trial, says, in his report, that no testimony was given on the trial touching the state of the partnership accounts, and that he is unable to state the accounts between them for the reason that the state of the assets do not admit of it. That the defendant has tried to sell the property, real and personal, and been unable to do so. The land was contracted to be sold, but the purchaser was insolvent, and the debts due the firm are of such a character that it is impossible to say what part thereof is collectible. He therefore decides that the plaintiff is entitled to an accounting and to a sale of the partnership prop-

erty through a receiver, and he therefore orders judgment that a receiver be appointed and an accounting had.

On the death of Mead the copartnership was dissolved, and no person was authorized to continue it and bind either the survivor or the representatives of the deceased. Story on Part. § 342. It follows that the arrangement between the defendant and Mead's son to continue the partnership, was wholly unauthorized, and the rights of the plaintiff as the representative of Mead must be determined as of the time of his death. The continuance of the business was wholly at the risk of the defendant as survivor, and he must account for the property of the firm as it was at the dissolution. Story on Part. § 343. The representatives of the deceased partner have an interest in the effects of the firm with the surviving partner, and in the application of them to the payment of the liabilities of the firm, and in the distribution of what may remain after the payment of the debts between them and the survivor. And they are entitled to go into equity and compel the survivor to account if he will not do so voluntarily. Story on Part. § 347.

It is objected by the defendant's counsel that the plaintiff is not entitled to an accounting unless he can show that there will be found something due to him on such accounting. This cannot be so. That fact can never be known with certainty until the account is taken, and it would follow that the representatives of a deceased partner, and the creditor of the firm in many cases would be deprived of all redress. Their right to an account results from their interest in the effects of the firm and the liability of the estate of the deceased partner to contribute, to make good any deficiency there may be after the partnership property is applied in payment of the debts. The judgment of the referee that the plaintiff is entitled to an accounting is right. And the appointment of a receiver was also right.

Five years have elapsed since the death of Mead. The debts are still unpaid, and the defendant declares himself unable to dispose of the property and pay the debts. The accumulation of interest is very considerable and the property is not increasing in value. A proper regard for the interest of the estate represented by the plaintiff, requires that he should know whether it is entitled to receive any thing from the defendant as survivor or whether it will be necessary for plaintiff to raise out of the assets in his hands moneys

wherewith to meet a portion of the liabilities of the firm not paid by the assets of the firm.

For the purposes of the accounting, the heirs of the deceased partner are not necessary parties. If the personal property of the firm should be sufficient to pay its debts, a sale of the real estate would be unnecessary, and they would not then be necessary parties. If the accounting should render it certain that the real estate must be sold, application can then be made to bring in the heirs and thus secure a conveyance of the fee of said land. It will be time enough to consider the question when it arises. The defendant's attorney brings this case here by appeal from the report of the referee. I know of no provision of the Code authorizing any such proceeding. Section 268 provides that when a court or referee does not order a final judgment but directs further proceedings in the action, the party against whom the decision is, may move for a new trial.

We must so treat this proceeding on the part of the defendant. And as we are of opinion that the decision of the referee was right, we must refuse a new trial.

*New trial refused.*